

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KTF:SMF  
F. #2024R00199

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 13, 2024

By ECF

The Honorable Brian M. Cogan  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

        Re:    United States v. Kyle Williams  
                Criminal Docket No. 11-419 (BMC)

Dear Judge Cogan:

        The government respectfully submits this letter in anticipation of the change of plea and sentencing in the above-captioned case, which is scheduled for Tuesday, December 17, 2024 at 2:15 p.m.  The defendant has agreed to plead guilty to one violation of the terms of his supervised release, as charged by the United States Probation Department ("Probation") in an April 18, 2023 Violation of Supervised Release Report (the "VOSR Report").  The violation to which the defendant will plead guilty relates to the defendant's possession of a controlled substance on or about April 5, 2023 ("VOSR Charge Six").

        In the VOSR Report, Probation recommended that the Court revoke the defendant's supervised release and impose a sentence of 3.5 months' imprisonment followed by a term of supervised release with a special condition of at least 3.5 months' community confinement or home detention.  As discussed below, in light of the defendant's health condition, see also ECF No. 232, and his successful completion of a drug treatment program, see ECF No. 235, the government recommends a sentence of time served.

I.      Background

        A.      The Defendant's Original Offense Conduct

        On or about August 16, 2012, the defendant pleaded guilty to conspiracy to distribute and possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(B)(1)(b).  See VOSR Report at 3.  The charge stemmed from a multi-agency investigation focusing on the activities of several narcotic

distribution gangs and grounds in various housing complexes in Staten Island, New York. Id. Specifically, the investigation revealed that between April 2011 and May 2011, the defendant along with a co-defendant were low-level drug dealers and that the defendant was responsible for distributing at least 28 grams of cocaine base. Id.

On or about February 28, 2013, the Court sentenced the defendant to 84 months' imprisonment followed by a four years' supervised release. Id. at 4. On or about August 20, 2015, the Court reduced the defendant's sentence to 70 months' imprisonment. Id. The defendant's supervised release term began on November 4, 2016 and was scheduled to terminate on November 7, 2023. Id. at 1.

  B. <u>VOSR Charge Six: Possession of a Controlled Substance</u>

On or about April 6, 2023, the Probation Department was notified that the New York City Police Department (the "NYPD") arrested the defendant. Id. at 7. According to the NYPD arrest report, the defendant was arrested on April 5, 2023 based on an open complaint alleging that the defendant sold crack to an undercover police officer. Id. A subsequent strip search revealed that the defendant had large amounts of narcotics in his pants. Id.

Based upon this information, the defendant was charged and arraigned on the following state charges: (1) Criminal Possession of a Narcotic Drug with Intent to Sell, in violation of N.Y. Penal Law 200.16 01, a class B felony; (2) Criminal Possession of a Controlled substance: Narcotic Drug/Intent to Sell Crack, in violation of N.Y. Penal law 220.16 01, a class B felony; (3) Criminal Sale of a Controlled Substance: Narcotic Drug – Dangerous Drug, in violation of N.Y. Penal Law 220.39 01, a class B felony; (4) Criminal Possession of a Controlled Substance: Dangerous Drug, in violation of N.Y. Penal Law 220.03 00, a class A misdemeanor; and (5) Criminal Possession of a Controlled Substance: Dangerous Drug, in violation of N.Y. Penal Law 220.03 00, a class A misdemeanor. Id.

The state case was ultimately resolved with a misdemeanor disposition for which the defendant was sentenced to conditional discharge. See ECF No. 235. Furthermore, the defendant completed a mandatory drug treatment program. Id.

  C. <u>The Defendant's Health Circumstances</u>



II.  The Defendant's Guidelines Range

VOSR Charge Six is a Grade C violation pursuant to the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."). See U.S.S.G. § 7B1.1(a)(3); VOSR Report at 12-13. Because the defendant falls within Criminal History Category V, see VOSR Report at 4, the defendant's Guidelines sentencing range is 7 to 13 months' imprisonment. See U.S.S.G. § 7B1.4(a); VOSR Report at 12-13.

III.  A Sentence of Time Served is Appropriate

A.  Legal Standard

Title 18, United States Code, Section 3583(e)(3) provides that the Court may revoke a term of supervised release and impose a term of imprisonment upon consideration of a subset of the factors set forth in 18 U.S.C. § 3553(a). The Section 3553(a) factors that the Court may consider in this context include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (b) afford adequate deterrence to criminal conduct, (c) protect the public from further crimes of the defendant, and (d) provide the defendant with appropriate education or vocational training; (4) the Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution.

Title 18, United States Code, Section 3583(g)(1) provides that revocation of supervised release and the imposition of a term of imprisonment are generally required if a defendant unlawfully possesses a controlled substance. However, a court must "consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception . . . when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d).

B.  Discussion

Based on the specific circumstances of this case, the government respectfully recommends that the Court impose a sentence of time served. While the offense conduct is serious, is reminiscent of the underlying offense for which the defendant pleaded guilty and the defendant has a significant criminal history, see VOSR Report at 4, the defendant's health issues referenced above and his successful completion of a drug treatment program

militate against incarceration.  Given these unique factors, a sentence of time served is sufficient, but not greater than necessary, to achieve the goals of sentencing.

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By:    /s/
        Sean Fern
        Assistant U.S. Attorney
        (718) 254-6195